UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT DEWITT ISOM,<br>                  Plaintiff,<br>      v.<br>WEST VALLEY DETENTION<br>CENTER, et al.,<br>                  Defendant. | Case No. 5:17-cv-00431-JLS (SHK)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I. BACKGROUND AND SUMMARY OF ORDER

On April 4, 2018 Plaintiff Gilbert Dewitt Isom ("Plaintiff"), proceeding pro se, filed a Second Amended Complaint ("SAC") against West Valley Detention Center ("WVDC") and the County of San Bernardino ("County") (collectively, "Defendants"), alleging constitutional violations related to his placement in solitary confinement during his incarceration. Electronic Case Filing Number ("ECF No.") 40, SAC. On April 27, 2018, the County filed a Motion to Dismiss ("MTD") the SAC. ECF No. 41, Ntc. of Mot. and Mot. to Dismiss Plf.'s SAC. The Court ordered Plaintiff to file his opposition or notice of non-opposition on or before May 25, 2018. ECF No. 42, Min. Order Setting Br. Schedule.

On May 23, 2018, Plaintiff requested a 30-day extension to file his opposition. ECF No. 43, Req. for 30-Day Waiver. The Court granted this request

and ordered Plaintiff to file his opposition on or before June 30, 2018. ECF No. 44, Min. Order Granting Req. This order was subsequently returned to the Court as undeliverable on June 15, 2018, with no forwarding address provided. ECF No. 45, Returned Order on Mot. for Order.

Plaintiff filed a notice informing the Court of his address change on July 12, 2018. ECF No. 46, Ntc. of Change of Address. In light of the notice, the Court sua sponte extended Plaintiff's time to file his opposition or notice of non-opposition to August 20, 2018 and this notice was sent to the newly provided address. ECF No. 47, Min. Order in Chambers. Though Plaintiff has sent a letter to the Court regarding discovery he claims that he did not receive, as of the date of this Order, Plaintiff has not filed an opposition or notice of non-opposition. ECF No. 48, Notice of Discrepancy and Order Regarding Discovery Letter Sent to Court.

In light of Plaintiff's failure to prosecute this matter diligently, the Court **DISMISSES** Plaintiff's action, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. DISCUSSION

### A. Plaintiff's Action Is Dismissed For Failure To Prosecute.

#### 1. Applicable Law

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (citation omitted). It is well-settled, however, that the Court has the "inherent power" to dismiss an action under Rule 41(b) due to a plaintiff's failure to prosecute or comply with a court order. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (citation omitted); Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986).

In deciding whether to dismiss for failure to prosecute or to comply with a Court order, the Court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Omstead, 594 F.3d at 1084 (citation omitted); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984).

## 2. Analysis

Here, four of the five Omstead factors weigh in favor of dismissal.

The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Plaintiff's failure to file an opposition or notice of non-opposition impedes the development of the record and the issuance of orders that affect Plaintiff's ability to pursue his claims. Further, the Court has twice accommodated Plaintiff by granting two extensions—amounting to almost three additional months— during which Plaintiff could have filed his opposition to the County's MTD. Accordingly, litigation of this matter, and this Court's management of its docket, has been, and will continue to be, delayed.

The third factor—prejudice to Defendants—also weighs in favor of dismissal. Generally, there is a rebuttable presumption of injury upon the defendant when the plaintiff unreasonably delays his or her prosecution of an action. In re Eisen, 31 F.3d 1447, 1453 (9th Cir. 1994). Here, Defendants have been served and the County timely filed its Motion to Dismiss in April 2018. Consequently, Defendant has been presumptively been prejudiced.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal. However, it is Plaintiff's responsibility to move his action toward a disposition at a reasonable pace, while avoiding dilatory and evasive tactics. Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

Plaintiff has not fulfilled his responsibility of timely responding to the MTD and, as such, has hindered the prompt resolution of this action. Under such circumstances, the policy which favors resolution on the merits does not outweigh Plaintiff's failure to prosecute or obey this Court's orders. Id.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Although dismissal may appear to be a drastic sanction, the Court cannot dispose of Plaintiff's action without his participation in the case or compliance with the Court's orders. Plaintiff's refusal to comply with this Court's order to file his opposition or notice of non-opposition compels the conclusion that Plaintiff has abandoned this action. Nonetheless, because Plaintiff may have stated a viable cause of action in his SAC, the Court is dismissing this claim without prejudice to afford Plaintiff another opportunity to pursue his legal claim. Consequently, no less drastic sanctions are available here.

Accordingly, because the Omstead factors demonstrate an unreasonable delay and weigh in favor of dismissal, this action is dismissed due to Plaintiff's failure to prosecute this action.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that this action be **DISMISSED**, without prejudice.

Dated: September 14, 2018

HONORABLE JOSEPHINE L. STATON
United States District Judge

Presented by:

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge